UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL D. ARRINGTON, )
)
    Plaintiff, )
  v. ) CIVIL ACTION
) NO. 15-10158-JGD
CAROLYN W. COLVIN, Acting )
Commissioner of the Social Security )
Administration, )
)
    Defendant. )

## ORDER ON PLAINTIFFS' MOTION
## TO ALTER OR AMEND JUDGMENT

December 5, 2016

DEIN, U.S.M.J.

### I. INTRODUCTION

On November 3, 2016, this court issued a Memorandum of Decision and Order denying "Plaintiff's Motion for Order Reversing or Remanding the Decision of the Commissioner" and allowing the "Defendant's Motion for Order Affirming the Decision of the Commissioner." By this Order, this court upheld the decision of the Commissioner of the Social Security Administration that the plaintiff was not disabled during the relevant time period, and was therefore not entitled to Social Security benefits. This court further entered an Order dismissing the case in its entirety. The plaintiff has now filed a "Motion to Alter or Amend Judgment" pursuant to Fed. R. Civ. P. 59(e), challenging this court's rulings. For the reasons detailed herein, the Motion to Alter or Amend Judgment (Docket No. 40) is DENIED.

## II. ANALYSIS

The plaintiff has moved to alter or amend the court's judgment pursuant to Fed. R. Civ. P. 59(e).  Relief under Rule 59(e) "is granted sparingly," and is only available in a limited number of situations.  <u>Biltcliffe v. CitiMortgage, Inc.</u>, 772 F.3d 925, 930 (1st Cir. 2014).  Specifically, as the First Circuit has explained:

> Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact and enables the court to correct its own errors and thus avoid unnecessary appellate procedures.  The rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.

<u>Aybar v. Crispin-Reyes</u>, 118 F.3d 10, 16 (1st Cir. 1997).

The plaintiff's challenge to this court's decision does not warrant relief under Rule 59(e).  The plaintiff has simply repeated arguments previously made, and argued that this court incorrectly decided this case as a matter of law and fact.  After consideration of the plaintiff's arguments, this court sees no basis to alter or amend its decision.

## III. CONCLUSION

The "Plaintiff's Motion to Alter or Amend Judgment" (Docket No. 40) is DENIED.

    / s / Judith Gail Dein  
    Judith Gail Dein  
    United States Magistrate Judge